IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

BIG STONE GAP DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
8/4/2020
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
DEPUTY CLERK

**JACKIE PARSONS and**

**JENNIFER STAPLETON,**

**Personal Representatives of**

**Mandy Leann Jessee, Deceased,**

     **Plaintiffs**

v.                       Case No. 2:20CV00017

**SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY**
and
**STEVE CLEAR, Superintendent and Representative Agent**

and

**LAURA SUMMERS**

     **Defendants**

**COMPLAINT**

  Comes now your Plaintiffs, by counsel, and demand judgment against Defendants pursuant to Va. Code § 8.01-50 and 42 U.S.C. § 1983, stating as follows:

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983 and state law claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and pendant jurisdiction.

2. Mandy Leann Jessee, then 37 years old, died on August 5, 2020,on account of the incidents set out below. Jackie Parsons is her father and Jennifer Stapleton is her sister. They

were qualified as her Personal Representatives by Order of the Circuit Court of Lee County, Virginia, on January 22, 2019.

3.     For all times relevant to this lawsuit the Defendant Southwest Virginia Regional Jail Authority (hereinafter SVRJA) is at all times a statutorily authorized "regional jail authority" created pursuant to Virginia Code Section 53.1-95.2 *et seq.* with the enumerated authorities, duties and rights therein including the right to sue and be sued.  SVRJA operated the corrections facility, or jail, located at Duffield, Virginia.  Defendant Steve Clear is, and was at the times pertinent to this case, Superintendent of the Duffield facility.

4,     Defendant Laura Summers was a Social Worker employed by SVRJ and at all times referenced herein was acting within the course and scope of her employment on behalf of SVRJ.

5.     On August 4, 2018, Mandy Jessee was a prisoner confined at and in the custody of SVRJ. She had been in the custody of SVRJ since her arrest on or about July 19, 2018.  On August 4, 2018, Mandy Jessee hung herself in her cell.  She did not die immediately but suffered major brain and other injuries and was transported to Lonesome Pine Hospital where she died on August 5, 2018.

6.     Upon her arrest in July, 2018, Mandy Jessee demonstrated signs of extreme mental illness, including threatening to commit suicide.  Defendant Laura Summers conducted a Suicide Risk Assessment on or about July 23, 2018, and Summers determined that Mandy should be placed on Suicide Watch.  Summers was aware that Mandy Jessee previously had attempted suicide while a prisoner at SVRJ during the spring of 2018.  Mandy was removed from suicide watch by Summers on or about July 24, 2018, upon Mandy reporting that she was no longer suicidal.  Mandy demonstrated suicidal acts again and was placed back on suicide watch on July

29, 2018 by Summers.  However, Summers removed her from suicide watch the next day, on July 30.  Mandy killed herself within less than a week.

7.     Mandy was the mother of four daughters, ages 3, 3, 13 and 14.  Her death deprived them of her financial support, and they, as well as other family, suffered Sorrow, mental anguish, and solace including loss of society, companionship, comfort, guidance, kindly offices and advice.

## COUNT ONE

## 42 U.S.C. § 1983

8.     The allegations of Paragraphs 1-7 are repeated and incorporated herein.

9.     Defendants owed to Mandy Jesse, as a person in their custody who demonstrated that she was a true and sincere risk of suicide, under the Eight Amendment of the United States Constitution to provide her with conditions of confinement and supervision so as to reasonably deprive her of the opportunity to harm herself pursuant to her mental illness.  Defendants demonstrated a deliberate indifference to the substantial risk of serious harm to her which proximately resulted in her death.

10.    Mandy Jessee had attempted suicide during a prior incarceration at the SVRJ Duffield facility just a few months earlier.  She was determined by Summers to be a suicide risk upon her rearrest and incarceration.  However, while she was removed from suicide watch by Summers upon Mandy's promises, Mandy again showed that she was a risk of harm to herself and was again placed on suicide only to be removed again, the next day, because Mandy requested it.

11.    Mandy Jessee was not competent to make decisions for herself relating to risk of harm to herself.  Summers was not qualified to determine Mandy's competency.

12. SVRJ and Clear did not have protocols in place to have an at risk inmate evaluated by a psychiatrist or psychologist to determine the risk of self-harm and/or the inmate's mental competency to ask to be removed from suicide watch.

13. As a result of the Defendants' deliberate indifference, Mandy is dead and her estate and statutory beneficiaries have suffered substantial damages.

## COUNT TWO

## NEGLIGENCE UNDER VIRGINIA LAW

13. The allegations of Paragraphs 1-7, 10 and 12 are repeated and incorporated herein.

14. The Defendants, who were aware of her mental illness and suicidal tendencies, owed Mandy Jessee the duty to use reasonable care to protect her from physical harm, including harm caused to herself, while in their custody.

15. The Defendant, Laura Summers, acting on behalf of SWRJ, owed to Mandy Jessee the duty of making an indepedent decision as to whether she should be on suicide watch on factors other than Mandy's promises.

16. The Defendants were negligent in carrying out those duties and, as a direct and proximate result of that negligence, Mandy Jessee is dead and her estate and statutory beneficiaries have suffered substantial damages.

**TRIAL BY JURY IS DEMANDED**

Wherefore, Plaintiffs demand judgment against the Defendants in the amount of $750,000.00, costs and attorney fees.

**JACKIE PARSONS and**

**JENNIFER STAPLETON,**

**Personal Representatives of**

**Mandy Leann Jessee, Deceased**

By Counsel    <u>Michael A. Bragg /s/</u>
                 Michael A. Bragg VSB 16797
                 Bragg Law
                 P.O. Box 1866
                 Abingdon, Virginia 24212
                 276-628-9160 bragglaw@bvu.net